UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID J.W. TYRAN, JR.,

        Plaintiff,                             Hon. Hala Y. Jarbou

v.                                        Case No. 1:25-cv-00898

PEOPLE OF THE UNITED STATES,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss.   (ECF No. 21).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's

motion be granted and that this action be terminated.

### I. Background

In his two-page Complaint, Plaintiff alleges that he "ha[s] been victimized by the

citizens of the United States," who violated his "constitutional right to pursue

happiness."   (ECF No. 1, PageID.1).   Plaintiff alleges that he "ha[s] multiple untreated

spinal and cartilage/bone fractures" and that he is "living [his] one life in severe pain due

to the actions of U.S. citizens."   (ECF No. 1, PageID.2).   Plaintiff requests $250 billion

in relief.   (*Id.*).

Plaintiff filed three supplements to his Complaint.   (ECF No. 14, 15, 16).   In the

first supplement, Plaintiff alleges various medical ailments, asserting that he has been

"victimized by the medical community."   (ECF No. 14, PageID.31-35).   Plaintiff also

alleges that Michigan and the United States "betrayed him."   (ECF No. 14, PageID.35). In the second supplement, Plaintiff further alleges that he sustained various back, groin, hip, and feet injuries stemming from incidents with the Kalamazoo Police Department and his son, and treatment from Dr. Dale Rowe.   (ECF No. 15, PageID.37-39).   In his final supplement, Plaintiff alleges that he was deliberately harmed by the people of the United States when he underwent an "unnecessary" CT scan on October 9, 2025.   (ECF No. 16, PageID.42-43).   Plaintiff ultimately asserts that "[t]he U.S. is criminally victimizing [him] to create and solidify jobs in the healthcare industry, and it seems to create jobs in the field of law."   (ECF No. 16, PageID.43).

Defendant now moves to dismiss Plaintiff's claims for failure to state a claim. (ECF No. 21).   Plaintiff responded.   (ECF No. 26).   The Court finds that oral argument is unnecessary.   *See* W.D. MICH. LCIVR 7.2(d).

### II. Analysis

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id*.   As the Court further observed:

> Two working principles underlie our decision in *Twombly*.   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id*. at 678-79 (internal citations omitted).

Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted.   Plaintiff's allegations do not provide dates, locations, or names of individuals or entities acting on behalf of the federal government to sustain any viable cause of action against it.   Plaintiff's claims against the people of the United States are precisely the kind of "unadorned, the defendant-unlawfully-harmed–me accusation[s]" that are facially implausible and not viable under *Twombly* and *Iqbal*.   *Iqbal,* 556 U.S. at 678.

To the extent that Plaintiff initiates this action against the federal government or its agencies, absent a waiver of sovereign immunity, the Court lacks jurisdiction to hear such a suit.   *See Skidmore, v. U.S. Dep't of Educ.*, No. 25-10084, 2026 WL 622850, at *1

(E.D. Mich. Mar. 5, 2026); *see also Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999).   As Defendant argues and the undersigned agrees, Plaintiff's vague allegations are insufficient to identify any statutory waiver of sovereign immunity.   (ECF No. 22, PageID.61).   Accordingly, the undersigned recommends that Defendant's motion be granted and this action terminated.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 21) be granted and that this action be terminated.   For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: March 12, 2026                   /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge

-4-